# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACF WESTERN USA, Inc., | CASE NO. 1:12-cv-00182-LJO-BAM |
| Plaintiff, | **ORDER ON MOTION TO STRIKE** (Doc. 7) |
| vs. | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff ACF Western USA, Inc. ("ACF") alleges that Travelers Property Casualty Company of America ("Travelers") breached its insurance policy and the implied covenant of good faith and fair dealing. In the instant motion, Travelers seeks to strike the references to Cal. Ins. Code § 790.03 and its attendant regulations from paragraphs 20 and 25 of the complaint. ACF does not oppose the motion. For the reasons discussed below, this Court GRANTS in part and DENIES in part Travelers' motion to strike.

## II. BACKGROUND

**A. Facts**[1]

ACF owns a commercial property insured by Travelers. (Doc. 1, p. 9, ¶ 5). On or about July 14,

---

[1] The background facts are derived from the complaint.

1

2010, ACF's roof collapsed causing major damage to the property. (Doc. 1, p. 10, ¶ 11). After the roof collapsed, ACF filed a timely insurance claim with Travelers. (Doc. 1, p. 9, ¶ 5, 10). ACF alleges that Travelers was obligated to conduct a fair and thorough investigation of the damage and promptly pay ACF the benefits of the insurance policy. (Doc. 1, p. 10, ¶ 12). Instead, the insurance claim was assigned to staff adjusters for Travelers who set an inspection but the claim was ultimately adjusted by a consultant engaged in the general business of structural engineering. (Doc. 1, p. 10-11, ¶ 13). The consultant was purportedly hired to determine the cause of loss however, ACF alleges that the consultant's true objective was to provide a self-serving and biased conclusion regarding the cause of loss so that Travelers could deny ACF's claim. (Doc. 1, p. 11, ¶ 14). ACF alleges that the consultant, with the consent and approval of Travelers, adopted a methodology and practice to superficially investigate ACF's claim and misapplied structural engineering codes and standards. (Doc. 1, p. 11, ¶ 15). ACF further alleges that the consultant produced a conclusory and self serving report which Travelers relied upon in denying ACF's claim. (Doc. 1, p. 11, ¶ 16).

**B. Procedural History**

On December 15, 2011, ACF commenced the instant action in Fresno County Superior Court against defendants Travelers Casualty Insurance Company of America ("Travelers Casualty"), Travelers Commercial Insurance Company ("Travelers Commercial"), Travelers Property Casualty Company of America ("Travelers") erroneously sued as Travelers Property Casualty Insurance Company, and Does 1 through 100. (Doc. 1, p. 8). The complaint alleged three claims for relief against all defendants: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) unfair competition, in violation Cal. Bus. & Prof. Code § 17200, et seq. (Doc. 1, p. 8). On February 8, 2012, defendants removed the action to this Court on the basis of diversity jurisdiction. (Doc. 1).

On February 16, 2012, defendants filed a motion to dismiss Travelers Casualty and Travelers Commercial from the complaint and ACF's third cause of action for unfair competition, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 7). Defendants also filed a motion to strike the references to Cal. Ins. Code § 790.03 and its attendant regulations from paragraphs 20, 25, and 36 of the complaint, pursuant to Fed. R. Civ. P. 12(f). (Doc. 7). ACF did not oppose either motion. On March 20, 2012, the parties filed a joint stipulation in which they agreed to dismiss from the complaint with prejudice Travelers Casualty,

2

Travelers Commercial, and Travelers Property Casualty Insurance Company. (Doc. 8). The parties also agreed to dismiss with prejudice ACF's third cause of action for unfair competition. (Doc. 8). In the parties' stipulation, they did not address the motion to strike. (Doc. 7). Accordingly, this Court signed the stipulated order (Doc. 11) and issued an order to show cause why defendant Travelers's motion to strike should not be granted in light of the parties' stipulation (Doc. 10). ACF did not respond to the order to show cause. Having considered the arguments at issue and the relevant law, this Court issues this order.

## III. DISCUSSION

**A. Motion to Strike Legal Standard**

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citations omitted), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*.

The function of a Fed. R. Civ. P. 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002); *see also Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (Motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").

**B. Motion to Strike Arguments**

Travelers seeks to strike the references to Cal. Ins. Code § 790.03 ("section 790.03") and its

attendant regulations in paragraphs 20 and 25 of the complaint.[2] Travelers argues that the references to section 790.03 and its attendant regulations are immaterial, impertinent, and prejudicial[3] because California law does not permit a private cause of action against an insurer for violations of section 790.03 or its attendant regulations.

**1. Paragraph 20**

In the preliminary allegations section of ACF's complaint it alleges that, "Defendants' conduct in denying the rightful insurance claim of Plaintiff was fraudulent, malicious and oppressive . . . in disregard for their duties under the law, including the mandates of *California Insurance Code* Section 790.03 and *California Code of Regulations, Title 10, Chapter 5* . . ." (Doc. 1, p. 12).

There is no private right of action under section 790.03. *Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal. 3d 287, 304 (1988). Similarly, there is no private right of action under section 790.03's attendant regulations. *See Rattan v. United Servs. Auto. Ass'n*, 84 Cal. App. 4th 715, 724 (2001) ("neither the Insurance Code nor regulations adopted under its authority provide a private right of action"); *see also City of Hollister v. Monterey Ins. Co.*, 165 Cal. App. 4th 455, 488 (2008) (noting that "violations of the fair claims practices regulations do not give rise to a private right of action"); *Raisin Bargaining Ass'n v. Hartford Cas. Ins. Co.*, 715 F. Supp. 2d 1079, 1091 (E.D. Cal. 2010) (stating "California law does not provide a private right of action for violations of [Cal. Ins. Code § 790.03] or the attendant regulations"). Likewise, ACF does not allege a cause of action under section 790.03 or its attendant regulations. Thus, the allegation that Travelers disregarded their duties under section 790.03 and its attendant regulations has no important relationship nor does it pertain to ACF's breach of contract or bad faith claims. *See Fogerty*, 984 F.2d at 1527 (immaterial matter is that which has no important relationship to the claim being pleaded, impertinent matter are statements that do not pertain to the issues

---

[2] Travelers also seeks to strike portions of paragraph 36. Paragraph 36 is part of ACF's third cause of action for unfair competition. Because the parties agreed to dismiss ACF's third cause of action, there is no need to address this argument.

[3] Travelers' contention that the references should be stricken because they are prejudicial is irrelevant. In the Ninth Circuit a showing of prejudice is not required when requesting a motion to strike. Matters can be properly stricken although they are not shown to be prejudicial. *See Fogerty*, 984 F.2d at 1528 (recognizing that a district court could properly grant a motion to strike "for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case").

in question).

Accordingly, this Court GRANTS Travelers' motion to strike the reference to section 790.03 and its attendant regulations from paragraph 20.

**2. Paragraph 25**

Paragraph 25 is part of ACF's breach of contract claim (first cause of action). The paragraph alleges as follows:

> 25. Defendants additionally breached Insurance Policies and their respective duties of care in various manners, inclusive of failure to:
> a. Adopt and implement reasonable standards for the prompt, thorough and accurate investigation and processing of Insurance Claims;
> b. accurately represent to Plaintiff the applicable coverages for a roof collapse under the Insurance Policy;
> c. disclose the standard of care in the business of insurance for adjustment of claims in relation to such a loss;
> d. attempt in good faith to effectuate prompt, fair, complete and equitable settlement of Insurance Claims;
> e. make coverage and loss valuation decisions and determinations with the benefit of unbiased and/or qualified professionals;
> f. comply with the applicable provisions of California law, including *Insurance Code* Section 790.03;
> g. produce "claim related documents" in accordance with *Insurance Code* Section 2071;
> h. comply with provisions of *California Code of Regulations*, including, but not limited to, Title 10, Chapter 5, Section 2695.7;
> I. produce policies procedures and protocols of Defendants;
> j. properly and accurately direct Plaintiff about to the applicable provisions of Insurance Policies;
> k. implement a fair and reasonable standard of practice regarding adjustment of this loss;
> l. place Plaintiff on notice of the tolling period for its claim and the times within which statutes of limitation on Insurance Claims would expire;
> m. comply with Defendants' express representation to Plaintiff as follows - "(a) Every insurer shall disclose to a first party claimant, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by first party claimant;"
> n. investigate or even question the accuracy of the report from Defendants' Hired Consultant, holding, in essence, that this was not a covered loss;
> o. produce records supportive of communications by and between Defendants and Hired Consultant;
> p. be truthful regarding results of Defendants' investigation of Insurance Claim;
> q. be truthful regarding Defendants' conduct, such as - "Please accept our assurances that we have given due consideration for

5

      this claim";

  r.  be truthful regarding Defendants' objectives and misrepresentation of facts - "In regard to your assumption that **Additional Coverage D. Collapse** applies to this loss, we must inform you that your assumptions are incorrect. This building has not collapsed and is not in a state of imminent collapse."

Travelers seeks to strike the allegations in subsections (a), (d), (f), (h), (j), (k), and (l) because they are either near verbatim recitations of section 790.03, directly reference section 790.03 or its attendant regulations, or rephrase portions of section 790.03. Travelers argues that these references are immaterial and impertinent. This Court agrees.

Subsection (a) is a near verbatim recitation of section 790.03(h)(3). Subsection (d) is a near verbatim recitation of section 790.03(h)(5) while subsection (f) directly alleges that Travelers failed to comply with section 790.03. Similarly, subsection (h)[2] alleges that Travelers failed to comply with 10 CCR § 2695.7, one of section 790.03's attendant regulations. Subsection (j) essentially rephrases section 790.03(h)(13)'s requirement that insurance companies provide the basis relied on in the insurance policy for the denial of a claim. Also, subsection (k) rephrases section 790.03(h)(3)'s requirement that insurance companies "adopt and implement reasonable standards for the prompt investigation and processing of claims." Finally, subsection (l) rephrases section 790.03(h)(15)'s prohibition against "[m]isleading a claimant as to the applicable statute of limitations."

As discussed above, there is no private right of action under section 790.03, *Moradi-Shalal*, 46 Cal. 3d at 304, or its attendant regulations, *see Raisin Bargaining Ass'n*, 715 F. Supp. 2d at 1091. Likewise, ACF does not allege a cause of action under section 790.03 or its attendant regulations. Thus, whether Travelers failed to comply with the various duties codified in section 790.03 or its attendant regulations has no important relationship nor does it pertain to ACF's breach of contract claim. *See Fogerty*, 984 F.2d at 1527.

Accordingly, this Court GRANTS Travelers' motion to strike subsections (a), (d), (f), (h), (j), (k), and (l) from paragraph 25.

---

[2] Travelers actually argues that subsection (i) alleges a violation of 10 CCR § 2695.7. Because subsection (h), and not subsection (i), alleges a violation of 10 CCR § 2695.7, this Court construes Travelers' argument as relating to subsection (h).

Travelers also seeks to strike subsections (b) and (m) through (r) from paragraph 25. Travelers argues that these subsections essentially rephrase violations of section 790.03 or its attendant regulations and are thus, immaterial and impertinent. The Court finds that subsections (b) and (m) through (r) are not restatements of section 790.03 or its attendant regulations. The Court further finds that these allegations are not immaterial or impertinent because they relate directly to ACF's breach of contract claim. Subsection (b) alleges that Travelers failed to fully and accurately disclose coverage under the policy. Subsections (m), (q) and (r) allege that Travelers failed to comply or failed to be truthful regarding specific quoted material which appears to be from the parties' contract or relates to other representations Travelers made to ACF. In addition, the allegations in subsections (n) and (o) relate directly to the investigative report prepared by the consultant hired by Travelers. Finally, subsection (p) relates directly to Travelers investigation of ACF's claim.

Accordingly, this Court DENIES Travelers' motion to strike subsections (b) and (m) through (r) from paragraph 25.

### IV. CONCLUSION AND ORDER

For the reasons discussed above, Travelers' motion to strike is GRANTED in part and DENIED in part as follows:

1. Travelers' motion to strike "*California Insurance Code* Section 790.03 and *California Code of Regulations, Title 10, Chapter 5*" from paragraph 20 of ACF's complaint is GRANTED;

2. Travelers' motion to strike subsections (a), (d), (f), (h), (j), (k), and (l) from paragraph 25 of ACF's complaint is GRANTED; and

3. Travelers' motion to strike subsections (b), (m), (n), (o), (p), (q), and (r) from paragraph 25 of ACF's complaint is DENIED.

IT IS SO ORDERED.

**Dated:   March 28, 2012**            /s/ Lawrence J. O'Neill

UNITED STATES DISTRICT JUDGE