1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  ACF WESTERN USA, Inc.,                    )    CASE NO. CV 12-0182- BAM
                                             )
10              Plaintiff,                    )    **ORDER ON DEFENDANT'S MOTION FOR**
                                             )    **MONETARY AND EXCLUSIONARY**
11                                            )    **SANCTIONS**
                                             )
12     v.                                     )
                                             )
13                                            )
                                             )
14  TRAVELERS CASUALTY                        )
    INSURANCE COMPANY of                      )
15  AMERICA,                                  )
                                             )
16              Defendant.                    )
    _____          )
17
18

19       Currently before the Court is Travelers Casualty Insurance Company of America's

20  ("Defendant") motion for monetary and evidentiary sanctions against ACF Western USA, Inc.

21  ("Plaintiff").  Plaintiff filed their opposition on November 13, 2012.[1]  (Doc. 28-30.)  Defendant

22  filed their reply brief on November 14, 2012.  (Doc. 32.)  The Court heard oral arguments on

23  November 16, 2012.  (Doc. 33.)  Counsel Harout Keosian appeared telephonically for Plaintiff.

24
    _____

25       [1] The Court notes that Plaintiff's opposition was not timely filed with this Court.  As Defendant's Motion
26  for Sanctions was filed pursuant to Local Rule 251(e), Plaintiff's opposition was due seven days prior to the noticed
    hearing – in this instance, November 9, 2012.  *See,* L.R. 251(e).  Plaintiff, however, claims there were electronic
27  filing complications beyond their control.  In the interests of justice, and because Plaintiff served their opposition to
    Defendant on November 9, 2012, the Court will consider Plaintiff's opposition as though it were timely filed.
28

1    *Id.*  Counsel Alishan Jadhavji appeared in person for Defendant.  *Id.*  Having considered the

2    moving, opposition and reply papers, the declarations and exhibits attached thereto, arguments

3    presented at the November 16, 2012 hearing, as well as the Court's file, the Court issues the

4    following order.

5                                    **I.    INTRODUCTION**

6          This case involves an insurance coverage dispute concerning the cause of damage to

7    Plaintiff's Fresno, California facility.  On or about July 14, 2010, Plaintiff's Fresno property

8    sustained significant damage when its roof collapsed.  (Pl.'s Compl., ¶ 11, Doc. 1, Ex. 1.)

9    During the coverage evaluation, Defendant retained a structural engineer to analyze the cause of

10   the loss.  (Pl.'s Compl., ¶¶ 13-16.)  Relying on Defendant's retained engineer's report, Defendant

11   denied Plaintiff's claim, stating the loss was not covered under the subject insurance policy.

12   (Pl.'s Compl., ¶ 17.)  Plaintiff argues that Defendant's reliance on its retained engineer was

13   improper, in bad faith, and further, ignored Plaintiff's "counter reports or investigative data."[2]

14   (Pl.'s Compl., ¶ 18.)

15                                    **II.   BACKGROUND**

16   **A.    Procedural Background**

17         On December 15, 2011, Plaintiff filed their complaint in the Superior Court for the State

18   of California, County of Fresno.  (Doc. 1, Ex. 1.)  Plaintiff alleges claims for breach of contract,

19   breach of the duty of good faith and fair dealing, and for violations of Business and Professions

20   Code § 17200 *et seq*.  *Id.*  On February 8, 2012, Defendant removed the action to this Court

21   pursuant to 28 U.S.C. §§ 1332 and 1441.  (Doc. 1.)  The parties subsequently consented to the

22   jurisdiction of the assigned United States Magistrate Judge, and this case was reassigned for all

23   purposes to the Honorable Barbara A. McAuliffe on May 16, 2012.  (Doc. 18.)

24

25

26         _____

27         [2] The primary "counter report or investigative data" provided by Plaintiff is the engineering report of Mark Markarian, whose Rule 26 expert designation, expert report, and subsequent deposition are the subject of this motion.

28

                                              2

On May 16, 2012, the Court entered a scheduling order in this action.[3]  (Doc. 19.)  The parties were to disclose their experts no later than September 4, 2012.  *Id.*  Additionally, the parties were to complete expert discovery by November 1, 2012.  *Id.*  On August 31, 2012, the Court granted the parties' request to continue the expert disclosure deadline from September 4, 2012 to September 28, 2012.  (Doc. 21.)  The Court additionally continued the supplemental expert witness disclosure deadline to October 12, 2012.  *Id.*  At this time, the Court noted that "[n]o other dates will be continued and the trial and pretrial dates are confirmed."  (Doc. 21, 1: 3.)  On October 11, 2012, in response to the parties' second request for relief from the scheduling order, the Court continued the deadline to complete expert discovery to November 14, 2012.[4] (Doc. 24.)

**B.     Defendant's Motion for Sanctions**

Defendant's motion requests the Court impose two sanctions pursuant to Fed. R. Civ. P 30(d)(2) and 37(d)(3).  First, Defendant seeks exclusionary sanctions precluding expert testimony by Plaintiff's expert, Mark Markarian, because Plaintiff failed to properly disclose Mr. Markarian under Rule 26(b)(2).  Second, Defendant seeks monetary sanctions because Plaintiff unilaterally terminated the deposition of Mr. Markarian.

**1.     Defendant's Motion for Exclusionary Sanctions**

Defendant argues Plaintiff did not serve their Rule 26(b)(2) expert disclosures until October 11, 2012.[5]  (Declaration of Alishan Jadhavji, ¶ 8, Doc. 25, Attach. 1, Ex. 4.) Accordingly, Defendant argues, Plaintiff's Rule 26 disclosures "were a full thirteen (13) days past the *extended* expert-witness cutoff date."  (Def.'s Mot. For Sanctions, Doc. 25, 3: 22-24)

---

[3] A five-day jury trial is currently scheduled to begin March 4, 2013.  (Doc. 22.)

[4] The Court denied the parties' stipulated request because they failed to show "good cause" and "the relief sought compress[ed] relevant deadlines in a manner that would substantially burden the Court."  (Doc. 24.)  In the interests of permitting meaningful case preparation, however, the Court granted the modest relief referenced above.

[5] Defendant states the Rule 26 designations were dated October 11, 2012, however, they did not contain a proof of service, and Defendant did not actually receive the Rule 26 designations until October 14, 2012. (Declaration of Alishan Jadhavji, ¶ 8, Doc. 25, Attach. 1, Ex. 4.)  Such a distinction is irrelevant to the Court's determination, thus, the Court will assume service of the Rule 26 disclosures was completed on October 11, 2012.

(emphasis in original.)  Defendant additionally argues the disclosures they received merely

included the names of three expert witnesses and two curriculum vitae's, however, did not

include any expert reports or any other additional information. (Def.'s Mot. For Sanctions, Doc.

25, 3: 24-27; 4: 1-2.)

Plaintiff responds Mr. Markarian's expert report was provided to Defendant on three

occasions.  Plaintiff first provided Mr. Markarian's report on January 11, 2011, during the claims

process and before the commencement of this litigation.  (Pl.'s Opp., 4: 17-19, Doc. 30.)

Plaintiff next provided Mr. Markarian's report on July 13, 2012 during the regular course of

discovery. (Pl.'s Opp., 4: 19-21, Doc. 30.)  Plaintiff provided Mr. Markarian's report for a third

time on October 11, 2012 as part of Plaintiff's Rule 26 disclosures.  (Pl.'s Opp., 4: 21-22, Doc.

30.)  Regarding Plaintiff's Rule 26 disclosures, Plaintiff states that Defendant orally agreed to a

two-week extension to disclose experts.  (Declaration of Mel Melkonian, ¶ 6, Doc. 30, Attach.

2.)  Thus, Plaintiff argues, Plaintiff's Rule 26 designation was within the deadline orally agreed

to by the parties.

### 2.       Defendant's Motion for Monetary Sanctions

On September 25, 2012, Defendant issued a subpoena duces tecum under Fed. R. Civ. P.

45 to Mr. Markarian for his deposition to be conducted on October 15, 2012. (Jadhavji Decl., ¶

4, Ex. 3.)  The parties subsequently agreed to continue Mr. Markarian's deposition to October 29,

2012. (Jadhavji Decl., ¶ 5.)

At the outset of the deposition, Defendant's counsel indicated that he was not deposing

Mr. Markarian as an expert because Defendant's counsel believed Mr. Markarian was not

properly disclosed pursuant to Rule 26, thus, precluded from providing expert testimony.  (Dep.

Tr. of Mark Markarian, 6: 5-22, Oct. 29, 2012, Doc. 25, Attach. 1.)  Plaintiff's counsel responded

that because Mr. Markarian was being deposed as a percipient witness, rather than as an expert,

he was terminating the deposition.  (Markarian Dep. Tr. 9: 5-19.)

Accordingly, Defendant contends Plaintiff improperly terminated the deposition, and has

moved for the fees and costs related thereto as a sanction. (Def.'s Mot. For Sanctions, 4-7, Doc.

4

1    25.)  Plaintiff responds that "attempting to depose Mr. Markarian as a mere percipient witness

2    while having him testify as to the contents of expert opinions, which he produced in his capacity

3    as a structural engineer constitutes sufficient bad faith to terminate the deposition."  (Pl.'s Opp.,

4    5: 9-12, Doc. 30.)

5                              **III.    DISCUSSION**

6    **A.    Defendant's Motion for Monetary Sanctions**

7             Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is

8    relevant to the claim or defense of any party...." Fed. R. Civ. P.  26(b)(1). " 'Generally, the

9    purpose of discovery is to remove surprise from trial preparation so the parties can obtain

10   evidence necessary to evaluate and resolve their dispute.' " *Moon v. SCP Pool Corp*., 232 F.R.D.

11   633, 636 (C.D. Cal. 2005) (quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D.

12   Cal.1998)).  "Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging

13   discovery of information even though the information may not be admissible at the trial." *Oakes*

14   *v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal.1998).

15            Rule 30 governs counsel's behavior during a deposition. In particular, Rule 30(c) provides

16   that:

17            The examination and cross-examination of a deponent proceed[s] as they would at
             trial . . . An objection at the time of examination – whether to evidence, to a
18           party's conduct, to the officer's qualifications, to the manner of taking the
             deposition, or to any other aspect of the deposition – must be noted on the record,
19           but the examination still proceeds . . . .

20   Fed. R. Civ. P. 30(c)(1) & (2).  Rule 30(d) provides that, on motion of a party or deponent,

21           [a]t any time during a deposition, the deponent or a party may move to terminate
             or limit it on the ground that it is being conducted in bad faith or in a manner that
22           unreasonably annoys, embarrasses, or oppresses the deponent or party.  The
             motion may be filed in the court where the action is pending or the deposition is
23           being taken.  If the objecting deponent or party so demands, the deposition must
             be suspended for the time necessary to obtain an order.
24

25   Fed. R. Civ. P. 30(d)(3)(A).

26            Rule 30(d)(3) "is the only authority allowing the interruption of a deposition." *Biovail*

27   *Laboratories, Inc. v. Anchen Pharmaceuticals, Inc.,* 233 F.R.D. 648 (C.D. Cal. 2006) (citing,

28
                                          5

*Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 460-61 n. 4 (N.D. Cal.1978)). "To obtain a protective order under Rule [30(d)(3) ], 'the moving party must show that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the witness or party. Unless a sufficient showing of these grounds are made the motion will be denied.' " *Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc.,* 233 F.R.D. 648 (C.D. Cal. 2006) (citing, *Hearst/ABC-Viacom Entertainment Servs. v. Goodway Marketing, Inc.,* 145 F.R.D. 59, 62 (E.D.Pa.1992)).

Plaintiff's counsel did not comply with the appropriate procedures for terminating a deposition under Rule 30(d)(3), and unilaterally terminated the deposition of Mr. Markarian. "This tactic contravenes the requirement that an application to terminate must be made to the court." *Hearst/ABC-Viacom Entertainment Servs.,* 145 F.R.D. at 62; *see also In re Omeprazole Patent Litigation*, 227 F.R.D. 227, 230 (S.D.N.Y.2005) ("It is not the prerogative of counsel, but of the court, to rule on objections.... [I]f the plaintiff's attorney believed that the examination was being conducted in bad faith ... or that the deponents were being needlessly annoyed, embarrassed, or oppressed, he should have halted the examination and applied immediately to the ex parte judge for a ruling on the questions, or for a protective order, pursuant to Rule 30(d)." (citation omitted)).

Moreover, there was nothing inappropriate about Defendant's deposition of Mr. Markarian.  As a structural engineer who has first-hand observations of the subject properties' damage, as well as someone who provided opinions on the cause of the damage, Mr. Markarian was in a position to offer testimony both as a percipient witness as well as a Rule 26 expert. Fact-based questions regarding the contents of Mr. Markarian's report or Mr. Markarian's general observations of the subject property are well within the bounds of relevant discovery.

Notably, Defendant's refusal to pose expert questions to Mr. Markarian was a litigation risk born by the Defendant that did not prejudice Plaintiff.  While Defendant may have held a good faith belief that Mr. Markarian's expert testimony would be inadmissible, the Court did not make such an evidentiary ruling.  Essentially, by failing to conclusively establish Mr.

Markarian's expert testimony was inadmissible prior to Mr. Markarian's deposition, Defendant bore the risk that a contrary ruling by this Court would foreclose Defendant's ability to examine directly Mr. Markarian's expert opinions prior to trial.

Plaintiff, however, prevented Defendant from posing any and all questions to Mr. Markarian.  Whether Defendant was seeking purely percipient information is irrelevant.  Mr. Markarian possessed relevant information concerning the claims and defenses of the parties, and his deposition was properly subpoenaed.  Plaintiff's unilateral termination of the Markarian deposition was improper and warrants sanctions.

"The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2); *See also, Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc.,* 233 F.R.D. 648 (C.D. Cal. 2006) (awarding monetary sanctions when the offending party became disruptive and caused the deponent's deposition to end abruptly).   Rule 37(a)(5) applies to an award of expenses under Rule 30(d).  Fed. R. Civ. P. 30(d)(3)(C). Rule 37(a)(5) provides that if a motion compelling discovery is granted

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Here, the transcript of the Markarian deposition demonstrates Defendant's counsel attempted in good faith to obtain the desired information without court action.  (Markarian Dep. Tr. 6-9, Doc. 25, Attach. 1, Ex. 1.)  The actions of Plaintiff's counsel were not substantially justified, and monetary sanctions are appropriate.

**1.      Appropriate Amount of Monetary Sanction**

Defendant has requested a monetary sanction in the amount of $4,953.30.  (Def.'s Mot. For Sanctions, 7: 16-17, Doc. 25.)  As support for this request, Defendant's counsel - Mr. Jadhavji - represents he expended 17.4 hours researching and drafting Defendant's motion for sanctions and supporting documents, 7.8 hours preparing for the Markarian deposition, 0.6 hours attending the Markarian deposition, at a billable rate of $185.00 per hour.   (Jadhavji Decl., ¶¶ 13-15, Doc. 25, Attach. 1.)  Defendant additionally claims entitlement to $231.30 in costs expended on the court reporter and an expedited deposition transcript.[6]

**a.      Legal Standard For An Award of Attorneys' Fees**

Generally, an award of reasonable attorney's fees is determined through the lodestar approach. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ("This court has adopted the hybrid lodestar/multiplier approach used by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), as the proper method for determining the amount of attorney's fees").  A court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See D'Emanuelle v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990). The lodestar amount is presumptively the reasonable fee amount.  *Van Gerwen*, 214 F.3d at 1045.

**b.      Reasonableness of Defendant's Counsel's Hourly Rate**

In determining a reasonable hourly rate, the fee applicant "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). The Ninth Circuit has elaborated that:

---

[6] The Court finds these costs to have been reasonably expended, and awards Defendant costs in the amount of $231.30.

This determination "is not made by reference to rates actually charged by the prevailing party." [] The court should use the prevailing market rate in the community for similar services of lawyers "of reasonably comparable skill, experience, and reputation." []

*D'Emanuelle v. Montgomery Ward & Co., Inc*., 904 F.2d 1379, 1384 (9th Cir. 1990).  The "relevant legal community" in the lodestar calculation is generally the forum in which the district court sits.  *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069 (E.D. Cal. 2011) (where a case is tried in the Eastern District of California, Fresno Division, "[t]he Eastern District of California, Fresno Division, is the appropriate forum to establish the lodestar hourly rate . . ."); *BR North 223, LLC v. Glieberman,* 2012 WL 2920856 (E.D. Cal., July 17, 2012) (McAuliffe, B.) ("As this case is pending in the Fresno Division of the Eastern District of California, generally accepted attorney's fees in the Fresno community will determine whether Plaintiff's hourly fee request is reasonable").

Mr. Jadhavji was admitted to the California bar in December of 2011, and is a first year associate at Weston & McElvain LLP.  The Court's review of attorney fee awards for attorneys in the Fresno community with comparable experience, reputation and skill demonstrates Mr. Jadhavji's hourly request is reasonable.  *See, e.g., S.A. ex rel L.A. v. Tulare County Office of Educ.*, 2009 WL 3126322 (E.D. Cal. 2009) ($175 per hour for first year associate); *Foster Poultry Farms, Inc. v. Suntrust Bank*, 2005 WL 2089813 (E.D. Cal. 2005) (concluding that $250 per hour was "an average prevailing billing rate in the Fresno area for associates out of law school less than five (5) years").  Accordingly, the Court approves Mr. Jadhavji's hourly rate of $185.

## 2.      The Number of Hours Expended

The Court must determine whether the requested number of hours is greater than, less than or the same number of hours that reasonably competent counsel would have billed. *Yahoo!, Inc., v. Net Games, Inc.,*329 F. Supp. 2d 1179, 1184 (N.D. Cal. 2004).  If the requested number of hours is greater than the number of hours reasonably competent counsel would have billed, then the court should reduce the requested number of hours accordingly.  *See Hensley,* 461 U.S.

1   at 434, 103 S. Ct. 1933 (describing the court's duty to eliminate hours that are "excessive,

2   redundant, or *otherwise unnecessary*") (emphasis added).

3         The Court finds some of Mr. Jadhavji's hours to be excessive.  Defendant's motion for

4   sanctions was relatively straightforward, and did not reasonably necessitate 17.4 hours.

5   Accordingly, the Court will award Defendant nine (9) hours for attorneys' fees expended on their

6   motion for sanctions.  Similarly, the Court finds the 7.8 hours expended in preparation for the

7   Markarian deposition to be excessive.  This is particularly true considering Defendant was

8   treating Mr. Markarian as a percipient, rather than an expert witness.  Accordingly, the Court will

9   award Defendant four (4) hours in attorneys' fees for preparing for the Markarian deposition.

10  The Court finds the 0.6 hours spent attending the Markarian deposition to have been reasonably

11  expended.

12        Accordingly, the Court awards Defendant **$2,642.30** in attorneys' fees and costs.[7]

13  **B.   Defendant's Motion for Exclusionary Sanctions**

14        Defendant moves this Court to exclude the expert testimony and report of Mr. Markarian

15  based on Plaintiff failure to comply with the expert disclosures rules of Fed. R. Civ. P. 26

16  (a)(2)(A).

17        Rule 26 governs discovery and the duty to disclose expert witnesses. Subsection (a)(2)

18  governs disclosure of expert testimony. It states that each party must disclose to the opposition

19  the identity of any expert witness. Fed. R. Civ. P. 26(a)(2)(A). That disclosure must be

20  accompanied by a written report containing: (1) a complete statement of all opinions the witness

21  will express and the basis and reasons for them; (2) the facts or data considered by the witness in

22  forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's

23  qualifications, including a list of all publications authored in the previous 10 years; (5) a list of

24  all other cases in which, during the previous 4 years, the witness testified as an expert at trial or

25  by deposition; and (6) a statement of the compensation to be paid for the study and testimony in

26

27        [7] The Court has calculated this award as follows: Attorneys' fees of $2,405 (13 hours x $185.00 per hour),
    plus costs ($231.30).

28
                                        10

1  the case. Fed. R. Civ. P. 26(a)(2)(B). A party must provide its expert witness disclosures "at the

2  times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Rule 37(c)(1) gives

3  teeth to these requirements by automatically excluding any evidence not properly disclosed under

4  Rule 26(a), irrespective of the party's bad faith or willfullness. *Yeti by Molly Ltd. v. Deckers*

5  *Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

6        Here, the Court finds that the expert report of Mr. Markarian was untimely disclosed and

7  deficient under Rule 26(a)(2)(B). The deadline to disclose the reports was September 28, 2012,

8  but Plaintiff did not disclose the report until October 11, 2012.  Plaintiff argues the parties had an

9  oral agreement to extend the expert disclosure deadline to October 12, 2012.  However,

10  Defendant disputes this contention.  Moreover, Plaintiff can not justify disregarding the deadline

11  set by the Court in its scheduling order by orally agreeing to do so with Defendant.  The Local

12  Rule requires that all extensions of time must be approved by the Court. *See,* Local Rule 144.

13  No Court approval was granted to extend the expert disclosure deadline to October 12, 2012.

14  Under these circumstances, the Court concludes that Plaintiffs' failure to timely disclose its

15  witnesses was not substantially justified. *See Quevedo v. Trans–Pacific Shipping, Inc.*, 143 F.3d

16  1255, 1258 (9th Cir.1998) (untimely disclosure not justified when the party failed to seek an

17  extension of time from the court); *Schuette v. City of Phoenix,* No. CV–08–2018–PHX–MHM,

18  2010 WL 1253193, at *3 (D.Ariz. Mar.25, 2010) (untimely disclosure not justified where

19  plaintiff notified defendant that his expert report would be late but failed to ask the court for

20  extra time).

21        Having found violations of Rule 26(a)(2)(B) and Rule 26(a)(2)(D), the Court turns to the

22  question of an appropriate remedy. Sanctions for violation of Rule 26(a) are set forth in Rules

23  37(b)(2)(B) and 37(c)(1), which provides that when a party fails to make the disclosures required

24  by Rule 26(a), the party is not allowed to use the witness to supply evidence on a motion, at a

25  hearing, or at trial, unless it establishes that the failure was substantially justified or is harmless.

26  Fed. R. Civ. P. 37(b)(2) & (c)(1); *see also Goodman v. Staples The Office Superstore*, LLC, 644

27  F.3d 817, 826 (9th Cir.2011). The Advisory Committee Notes describe Rule 37(c)(1) as a

28

"self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material ..." *Yeti,* 259 F.3d at 1106 (citing Fed. R. Civ. P. 37, Advisory Committee's Note (1993)).

The text of Rule 37 also indicates that consideration must be given to the harm, if any, caused by the alleged failure. Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 37 Advisory Committee's Note (1993) ("Limiting the automatic sanction to violations 'without substantial justification' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations."). The party facing the sanctions has the burden to prove that the failure to comply was either substantially justified or harmless. *See Yeti,* 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). In determining whether a parties' failure to comply with the Rules was harmless, Courts may consider: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure that prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir.2010).

Cases which had upheld exclusion of the expert witness as a sanction under Rule 37(b)(2) for failure to comply with the court's scheduling conference order, involve multiple factors such as several missed deadlines, bad faith conduct, or disobeyed discovery orders.  *See, e.g., Exxon Corp. v. Halcon Shipping Co., Ltd.*, 156 F.R.D. 586 (D.N.J. 1994), order aff'd, 156 F.R.D. 589 (1994); *Parker v. Freightliner Corp.*, 940 F.2d 1019 (7th Cir. 1991) (missed status hearing, failed to file discovery requests, no response to discovery, disobeyed discovery orders); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375 (5th Cir. 1996) (experts failed to appear at depositions, failed to have opinions set, experts failed to do necessary work to complete by deadline).)

Here, there is little prejudice or surprise to Defendant resulting from Plaintiff's failure to disclose Mr. Markarian's report timely.  Defendant was in possession of Mr. Markarian's report both before and after the commencement of this action.  Plaintiff first provided Mr. Markarian's report on January 11, 2011, during the claims process and before the commencement of this

1   litigation.  (Pl.'s Opp., 4: 17-19, Doc. 30.)  Plaintiff next provided Mr. Markarian's report on July

2   13, 2012 during the regular course of discovery.  (Pl.'s Opp., 4: 19-21, Doc. 30.)  Thus,

3   Defendant was not prejudiced because Defendant had the expert's report for an extended period.

4           A recent case from this district reached a similar conclusion.  In *Churchill v. U.S.*, 2011

5   WL 444849 (E.D.Cal. 2011), the Court found that where an expert's report was provided prior to

6   Rule 26 expert disclosures, but was not properly tendered in the expert disclosures, that

7   "[al]though not strictly compliant with Rule 26, it appears that Defendant was apprised of Dr.

8   Edmonds' opinions well in advance of the disclosure date."  *Churchill v. U.S.*, 2011 WL 444849

9   (E.D.Cal. 2011).  For this reason, *Churchill* declined to exclude the expert's testimony, but

10  rather, ordered the plaintiff "to make [the expert] available for deposition within ten days of the

11  date of [the decision]."  *Id.* at *10.

12          This Court finds *Churchill's* reasoning persuasive.  Defendant possessed Mr. Markarian's

13  report before the expert disclosure deadline.  At oral argument, counsel for Defendant conceded

14  the Markarian report now being offered as his expert report is identical to the one Defendant

15  already had in their possession.   Additionally, because Mr. Markarian's report had already been

16  disclosed, there does not appear to be any bad faith or willfulness in not timely disclosing the

17  evidence. As Defendant was apprised of Mr. Markarian's opinions and report "well in advance of

18  the disclosure date," there is only minimal prejudice to Defendant resulting from Plaintiff's error.

19          The Court declines to exclude Mr. Markarian for one additional reason.  This case is an

20  expert intensive case.  Mr. Markarian is Plaintiff's only expert on the liability and causation

21  issues in this case.  Precluding Mr. Markarian's testimony as an expert would, in effect, gut

22  Plaintiff's case.  Such an extreme sanction is not warranted for the conduct here.

23          However, because discovery is closed and Plaintiff unilaterally terminated Mr.

24  Markarian's deposition, Defendant can no longer question Mr. Markarian's expert opinions.

25  This prejudice, however, can be cured by a court order requiring Plaintiff to produce Mr.

26  Markarian for an additional deposition on an expedited basis.  The Court will require Plaintiff to

27

28

1  do so.[8]  Additionally, because Plaintiff improperly terminated Mr. Markarian's original

2  deposition, Plaintiff will be required to pay all expert and court reporter costs and fees associated

3  with the new deposition.

4      The Court finds that Plaintiff's unilateral termination of Mark Markarian's deposition

5  was unjustified and improper, and warrants monetary sanctions.  Additionally, the Court finds

6  that while Plaintiff failed to properly disclose Mark Markarian as an expert witness pursuant to

7  Rule 26(a)(2), the error was harmless because Defendant had already possessed Mark

8  Markarian's expert report.  Any prejudice from such error can be cured by permitting an

9  additional deposition of Mark Markarian.

10  ## IV.   CONCLUSION

11      Accordingly, for all the reasons discussed above, IT IS HEREBY ORDERED THAT:

12  1.    Defendant's motion for sanctions is GRANTED IN PART, AND DENIED IN

13      PART;

14  2.    Plaintiff is sanctioned in the amount of **$2,642.30**.  Plaintiff shall tender this

15      payment to counsel for Defendant within ten days of the date of service of this

16      order;

17  3.    Plaintiff is ORDERED to make Mark Markarian available for deposition within

18      ten days of the date of service of this order or other date agreeable to the

19      Defendant;

20  4.    Plaintiff shall pay all expert and court reporter costs and fees associated with the

21      new deposition of Mark Markarian;

24  /././

26  [8] Plaintiff has also moved the Court to exclude Mr. Markarian as a percipient witness as a result of
Plaintiff's improper termination of the Markarian deposition.  However, because the Court is ordering Plaintiff
27  produce Mr. Markarian on an expedited basis, the prejudice resulting from Plaintiff's actions with respect to
percipient testimony is similarly cured.

28

1        5.       Defendant's Motion to exclude the expert and percipient testimony of Mark

2                Markarian is DENIED.

3       IT IS SO ORDERED.

4    **Dated:**   **November 16, 2012**                 /s/ **Barbara A. McAuliffe**

                                   UNITED STATES MAGISTRATE JUDGE